UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| DANIEL BROWN, | **STIPULATION OF SETTLEMENT AND DISCONTINUANCE** |
|                              *Plaintiff,* | 5:21-CV-1018 |
| -against- | (DNH/TWD) |
| BRIAN P. MAHER, JOHN SNYDER, and MARGARET MONTE-BALFOUR, | |
|                              *Defendants.* | |

_____

**IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the attorneys for the Plaintiff, DANIEL BROWN ("Plaintiff"), and the attorneys for the Defendants, BRIAN P. MAHER, JOHN SNYDER, and MARGARET MONTE-BALFOUR ("Defendants"), that, whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, the above-entitled action ("Action") be and the same hereby is settled on the particular circumstances of this case, on the following terms and conditions, which it is agreed are of and shall have no legal precedential value in any other case either between the parties to this case or any other parties:

    1.    Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, Plaintiff DANIEL BROWN hereby discontinues this entire Action (inclusive of all claims) with prejudice and without damages, costs, interest or attorney's fees, except for the attorneys' fees provided in Paragraph 5 of this Stipulation of Settlement and Discontinuance, under the conditions described in Paragraphs 2 through 4 of this Stipulation of Settlement and Discontinuance, and discharges and releases Defendants and the State of New York, including its agencies, subdivisions,

employees, private contractors or assignees, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, which relate in any way to the subject matter of this action, and further agrees to discontinue and/or not to commence or to pursue in any court, arbitration or administrative proceeding, any litigation, appeal or claim against Defendants or the State of New York and others released hereby pertaining to the underlying facts, circumstances or incidents that gave rise to the aforementioned actions, or any results of the aforementioned facts, circumstances or incidents.

2. The parties to this Action agree that no provision of this Stipulation of Settlement and Discontinuance shall be interpreted to be an acknowledgment of the validity of any of the allegations or claims that have been made in the Action.

3. This settlement does not constitute a determination of, or admission by any party to any underlying allegations, facts, or merits of their respective positions. The settlement of this Action is limited to the circumstances in this case, including the remaining substantive claims, alone and shall not be given effect beyond the specific provisions stipulated hereto. This settlement does not form and shall not be claimed as any precedent for or an agreement by the parties in this Action to any generally applicable policy or procedure in the future.

4. Defendants shall modify Plaintiff DANIEL BROWN's conditions of parole supervisions s as set forth below:

    a. Plaintiff DANIEL BROWN will have no contact with any children under the age of 18 years old, with the exception of his stepchildren, the three children of his new wife, Mariam Saleh, (referred to herein as "Child A, Child B, and Child C"). Child A, Child B, and Child C shall be specifically named in Plaintiff DANIEL BROWN's parole supervision plan with DOCCS. Any other contact

with any other child under the age of 18 years-old shall require written permission from Plaintiff's Parole Officer in advance of any such contact.

b. <u>Supervised Visitation</u>: Plaintiff DANIEL BROWN may not be in contact with Child A, Child B, or Child C without the children's mother, Mariam Saleh, or a third-party adult previously authorized by DOCCS to supervise the aforesaid children being present at all times during Plaintiff's contact with such Child(ren).

c. Supervised contact shall mean that the authorized adult would be able to visually see Plaintiff when he is in the presence of Child A, Child B, or Child C.

d. Defendants shall modify Plaintiff DANIEL BROWN's parole supervision plan as appropriate and to include cohabitation, visitation outside of the home, and mandated (family therapy) counseling by a licensed provider.

e. Plaintiff DANIEL BROWN, his wife, Mariam Saleh, and the three subject children (Child A, Child B, and Child C) shall immediately commence and attend counseling with a licensed counselor for a frequency and duration deemed appropriate by the licensed counselor.

f. Mandated counseling would include an opportunity for Child A, Child B, and Child C to be interviewed independently by the licensed counselor on a regular basis (or as otherwise deemed necessary by the licensed counselor).

5. Following execution of this Stipulation of Settlement and Discontinuance and its "so-ordering" by the Court, Defendants shall cause to be paid to Plaintiff the sum of **FIVE THOUSAND DOLLARS ($5,000.00)** for attorneys' fees and costs in this Action, made payable to Plaintiff's counsel in this Action, <u>Legal Services of Central New York</u>; located at 221 S. Warren Street, Suite 300 Syracuse, New York 13202, and will issue the aforesaid funds after its

receipt of the filing of the so-ordered Stipulation of Settlement and Discontinuance and receipt of a fully executed W-9 Form signed by Plaintiff's attorney. The $5,000.00 dollars is in full settlement of all claims. Upon payment of the $5,000.00 in attorneys' fees and costs, the case will be dismissed with prejudice.

6. Payment by Defendants of the amount specified in Paragraph 5 is conditioned upon the approval of all appropriate state officials in accordance with the provisions for indemnification under section 17 of the New York Public Officers Law, and upon the signing and returning of any necessary papers which shall be mailed to Plaintiff's counsel by agents of Defendants responsible for the administrative processing of the settlement paperwork.

7. Payment of the amount set forth in Paragraph 5 will be made within one hundred and twenty (120) days after the approval of this Stipulation of Settlement by the Court, unless the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the one hundred twenty (120) day payment period shall be extended by an additional thirty (30) days to allow for compliance with that law.

8. This Stipulation of Settlement and Discontinuance shall be null and void if the approvals referred to in Paragraph 6 are not obtained, and Plaintiff and Defendants agree that the Action may be placed back on the active docket without prejudice.

9. In the event that the terms of Paragraph 6 are satisfied, but payment is not made within the 120-day or 150-day period set forth in Paragraph 7, interest shall begin to accrue on the outstanding principal balance at the statutory rate on the 121st day after court approval or the or 151st day after court approval if the provisions of Chapter 62 of the Laws of 2001 apply to Plaintiff.

10. The amount agreed to herein includes all sums to which Plaintiff DANIEL BROWN is entitled to under this Stipulation of Settlement and Discontinuance, including, but not limited to, damages, costs, and attorneys' fees. Plaintiff hereby acknowledges that he is not entitled to any other moneys or consideration of any kind from any of the Defendants or DOCCS other than what is expressly agreed to herein.

11. Plaintiff represents and warrants that he has undertaken a diligent search to determine the existence and amount of any lien or any other claim that may apply to the proceeds at issue in this case; he has provided Defendants and their counsel with accurate information concerning all of the liens or claims of which he has been made aware; that Plaintiff is unaware of any other liens or claims any other entity concerning the proceeds at issue in this case; that in the event Plaintiff becomes aware of any other lien or claim that may be applicable to the proceeds at issue in this case that he will immediately notify Defendants' counsel; and that in the event that any liens or claims are established against the proceeds at issue in this case, that Plaintiff will be solely responsible for the payment of such liens or claims; and they understand that Defendants and their counsel are relying upon the representations herein as well as the written documentation concerning the liens identified in this case in entering into this stipulation.

12. <u>Release:</u> In exchange for the terms of settlement set forth in Paragraphs 1, 2, 3, 4 and 5 of this Stipulation of Settlement and Discontinuance, the Plaintiff DANIEL BROWN irrevocably and unconditionally releases, waives and forever discharges Defendants and the State of New York and its affiliated or related entities, partners, directors, officers, board members, employees, agents, heirs, beneficiaries, assigns, associates, consultants, fiduciaries, plan sponsors, benefit plans, trusts, insurers, predecessors and successors, or any person or entity acting through, under or in concert with them from and against all liabilities, claims, lawsuits,

actions, demands, damages, and costs of every nature, whether known or unknown, asserted or unasserted, which relate in any way to the subject matter of this action or that have arisen from any occurrence, action, event, transaction, omission, or communication transpiring or occurring at any time prior to execution of this Stipulation of Settlement relating to the subject matter of this action.

13. This Stipulation of Settlement and Discontinuance and the terms herein are not and shall not be considered an admission of wrongdoing or evidence of any liability or unlawful conduct by any of the Settling Defendants. The settlement of this Action is limited to the circumstances in this case alone and shall not be given effect beyond the specific provisions stipulated to herein. This Stipulation of Settlement and Discontinuance does not form, and shall not be claimed as, any precedent form, or an agreement by any Settling Defendant or DOCCS to any generally applicable policy or procedure in the future.

14. This Stipulation of Settlement and Discontinuance represents the entire agreement of the Parties.

15. This Stipulation of Settlement and Discontinuance may only be amended in a writing signed by the Plaintiff and the Defendants. This Stipulation of Settlement and Discontinuance may be executed in counterparts and a copy shall have the same force and effect as the original.

16. If any term of this Stipulation of Settlement and Discontinuance shall be declared unenforceable by a court or other tribunal of competent jurisdiction, it shall not adversely affect the enforceability of the remainder of this Stipulation of Settlement and Discontinuance.

Dated: November 1, 2022                        LETITIA JAMES

Attorney General of the State of New York
*Attorney for Defendants*
The Capitol
Albany, New York  12224-0341

BY:
**S /Melissa A. Latino**
Melissa A. Latino
Assistant Attorney General, of Counsel
Bar Roll No. 511162
Telephone: (518) 776-2593
Melissa.Latino@ag.ny.gov

Dated: ~~October~~ November 10, 2022

DOCCS Deputy Commissioner and Counsel

Dated: October 21, 2022

Joshua T. Cotter, Esq.
Legal Services of Central New York
*Attorneys for the Plaintiff*
221 S. Warren Street, Suite 300
Syracuse, New York 13202

Dated: October 31, 2022

Daniel Brown, Plaintiff

IT IS SO ORDERED:

David N. Hurd
U.S. District Judge

Dated: November 14, 2022

7